UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONARI CORPORATION, a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>ED NAPLETON WESTON IMPORTS, INC. a/k/a NAPLETON'S PORSCHE OF WESTMONT, an Illinois corporation; MACIEJ MUSIAL, an individual, and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.  CV11-04204-DSF(VBKx)<br><br>**PROTECTIVE ORDER**<br><br>NOTE: CHANGES MADE BY THE COURT |

     The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

     The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

DEFINITIONS

1. The term "Materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports, instructions; disclosures; other writings; models and prototype and other physical objects.

2. The term "Confidential Information" shall mean and include information contained or disclosed in Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

3. The term "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Kneafsey & Friend LLP and Samuels Green & Steel LLP. "Counsel" shall also include Les Stracher, in-house attorney for Defendant Napleton.

4. The Term "Outside Counsel" shall mean shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Kneafsey & Friend LLP and Samuels Green & Steel LLP.

## GENERAL RULES

5. Each party to this litigation that produces or discloses Confidential Information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY or CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as 'CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

    c. Designation as "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY." Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information: [1] meets the criteria set forth in paragraph 5(b), above and [2] is so highly sensitive that the information, if disclosed, would cause the opposing party to obtain a significant competitive advantage so that, in the good faith belief of the disclosing party and its counsel, the information should not be disclosed to in-house counsel for the opposing party.

6. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced shall be considered as "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon

1  selection of specified Materials for copying by the inspecting party, the producing
2  party shall, within a reasonable time prior to producing those Materials to the
3  inspecting party, mark the copies of those Materials that contain Confidential
4  Information with the appropriate confidentiality marking.
5        7.    Whenever a deposition taken on behalf of any party involves a
6  disclosure of Confidential Information of any party:
7            a.    said deposition or portions thereof shall be designated as
8  containing Confidential Information subject to the provisions of
9  this Order; such designation shall be made on the record
10 whenever possible, but a party may designate portions of
11 depositions as containing Confidential Information after
12 transcription of the proceedings; a party shall have until fifteen
13 (15) days after receipt of the deposition transcript to inform the
14 other party or parties to the action of the portions of the transcript
15 designated "CONFIDENTIAL" or "CONFIDENTIAL -- FOR
16 COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE
17 COUNSEL ONLY;"
18           b.    the disclosing party shall have the right to exclude from
19 attendance at said deposition, during such time as the
20 Confidential Information is to be disclosed, any person other
21 than the deponent, counsel (including their staff and associates),
22 the court reporter, and the person(s) agreed upon pursuant to
23 paragraph 8 below; and
24           c.    the originals of said deposition transcripts and all copies thereof
25 shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL
26 – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR
27 OUTSIDE COUNSEL ONLY," as appropriate, and the original
28 or any copy ultimately presented to a court for filing shall not be

- 4 -
PROTECTIVE ORDER

875440.1

filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9. Confidential Information designated "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" shall be viewed only by Outside Counsel (as defined in paragraph 4) of the receiving party, court reporters who transcribe deposition testimony pertaining to the Confidential Information, and by independent experts under the conditions set forth in this Paragraph.  The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court.  The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert.  Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert.  Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made.  The approval of independent experts shall not be unreasonably withheld.

10. Confidential Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of

the receiving party, court reporters who transcribe deposition testimony pertaining to the Confidential Information, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

      11.    Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraphs 9 and 10), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    (a)    Executives who are required to participate in policy decisions with reference to this action;

    (b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

    (c)    Stenographic and clerical employees associated with the individuals identified above; and

    (d)    Court reporters who transcribe deposition testimony,

    (e)    Court and Court staff Comply with Local Rule 79-5 re: filings

12. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

13. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. DELETED.

15. At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been resolved.

16. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized

875440.1

disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

19. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

21. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than

1  the mere presence of Confidential Information.  The existence of this Order shall not
2  be used by either party as a basis for discovery that is otherwise improper under the
3  Federal Rules of Civil Procedure.

4       22.    Nothing herein shall be construed to prevent disclosure of Confidential
5  Information if such disclosure is required by law or by order of the Court.

6       23.    Upon final termination of this action, including any and all appeals,
7  counsel for each party shall, upon request of the producing party, return all
8  Confidential Information to the party that produced the information, including any
9  copies, excerpts, and summaries thereof, or shall destroy same at the option of the
10 receiving party, and shall purge all such information from all machine-readable
11 media on which it resides.  Notwithstanding the foregoing, counsel for each party
12 may retain all pleadings, briefs, memoranda, motions, and other documents filed
13 with the Court that refer to or incorporate Confidential Information, and will
14 continue to be bound by this Order with respect to all such retained information.
15 Further, attorney work product Materials that contain Confidential Information need
16 not be destroyed, but, if they are not destroyed, the person in possession of the
17 attorney work product will continue to be bound by this Order with respect to all
18 such retained information.

19      24.    The restrictions and obligations set forth herein shall not apply to any
20 information that: (a) the parties agree should not be designated Confidential
21 Information; (b) the parties agree, or the Court rules, is already public knowledge;
22 (c) the parties agree, or the court rules, has become public knowledge other than as a
23 result of disclosure by the receiving party, its employees, or its agents in violation of
24 this Order; or (d) has come or shall come into the receiving party's legitimate
25 knowledge independently of the production by the designating party.  Prior
26 knowledge must be established by pre-production documentation.

25. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

26. Transmission by facsimile is acceptable for all notification purposes herein.

27. This Order may be modified by agreement of the parties, subject to approval by the Court.

28. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this 6th day of March

Add par 11(e): Court and Court staff Comply with Local Rule 79-5 re: filings; provisions of par. 14 re motions are deleted.

This order does not apply to trial proceedings, or evidentiary hearings before the District Judge, and may be amended or modified at any time by this Court or the District Judge.

_____/s/_____
Hon. Victor B. Kenton
United States Magistrate Judge

- 10 -
PROTECTIVE ORDER

875440.1


# CERTIFICATE OF SERVICE

I certify that on March 6, 2012, I filed the document entitled **[PROPOSED] PROTECTIVE ORDER** with the Clerk of the Court, via the ECF system, which will provide electronic notification of the filing to the following counsel of record and via email to:

Frederick Choi
Orlando F Cabanday
Samuels Green & Steel LLP
19800 MacArthur Blvd Suite 1000
Irvine, CA 92612-2433
949-263-0004
Fax: 949-263-0005

Dated:  March 5, 2012

/s/ Sean M. Kneafsey

Sean Kneafsey (CSB No. 180863)
skneafsey@kneafseyfriend.com
Kneafsey & Friend LLP
800 Wilshire Blvd., Suite 710
Los Angeles, CA 90017
Telephone:  (213) 892-1200
Fax: (213) 892-1208

- 11 -
PROTECTIVE ORDER
875440.1

-5-

875355.1